IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00826-WJM-NYW

ISAAC GURULE,

    Plaintiff,

v.

BRENT AMBUEHL, Officer (Individual Capacity), and
MICHAEL FINN, Officer (Individual Capacity),

    Defendants.

## RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff Isaac Gurule's failure to appear at the March 16, 2018 Status Conference and his failure to respond to the court's Order to Show Cause issued the same day. *See* [#57, #58]. This court acts under the authority of 28 U.S.C. § 636(b)(1)(A) and (B) and the Order of Reference dated October 6, 2017 [#21].

## ANALYSIS

Plaintiff initiated this action on April 3, 2017, by filing *pro se* a form Prisoner Complaint asserting a single claim pursuant to 42 U.S.C. § 1983 for excessive force in violation of his Fourth Amendment rights under the Constitution. [#1]. The court granted Mr. Gurule leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, [#7], and ordered Mr. Gurule to file an amended pleading. [#8]. On September 15, 2017, Mr. Gurule filed an Amended Complaint, adding two claims for violation of his rights arising under the Eighth and Fourteenth Amendments. [#17]. Pursuant to § 1915 and Local Rule 8.1, the court dismissed all but the

Fourth Amendment claim for excessive force asserted against Defendants Brent Ambuehl and Michael Finn in their individual capacity.[1] The court then reassigned the matter to the Honorable William J. Martinez, who referred the case to the undersigned Magistrate Judge for pretrial management. *See* [#20; #21].

On November 20, 2017, Mr. Gurule alerted the court by letter that he was no longer housed at the Fremont Correctional Facility, and instructed the court to send all mail to a private address in Colorado Springs. *See* [#35]. On December 6, 2017, the undersigned presided over a Status Conference at which Plaintiff was present, along with counsel for Defendants. At that time, Plaintiff confirmed his current address and the court set a second status conference for February 8, 2018, for the purpose of discussing a pretrial schedule. *See* [#43]. On December 12, 2017, Defendant Finn filed a Motion to Dismiss. *See* [#45]. Service was subsequently effected for Defendant Ambuehl, and he filed a Motion to Dismiss on February 6, 2018. *See* [#45]. For each Motion, the court instructed Plaintiff as to the deadline for filing his responses. *See* [#48, #54]. Mr. Gurule did not respond to either Motion, and copies of the court's orders instructing as to the deadline were not returned as undeliverable to Plaintiff's address.

On January 22, 2018, this court reset the second Status Conference to March 16, 2018. *See* [#51]. A copy of this order was mailed to Plaintiff at his address of record, and the copy was not returned to the court as undeliverable. On March 9, 2018, Defendants filed a proposed scheduling order, which described counsel's meet and conferral attempts with Plaintiff but included no input from Plaintiff. *See* [#55]. Mr. Gurule subsequently failed to appear for the March 16, 2018 Status Conference. Following the Status Conference, this court issued an Order

---

[1] Plaintiff named as a defendant Brent Ambuebl, who has appeared in this matter as Brent Ambuehl. *See* [#52].

to Show Cause as to why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to appear for the Status Conference. [#57]. This court also issued a Recommendation that Defendant Ambuehl's Motion to Dismiss be granted in part and denied in part, and that Defendant Finn's Motion to Dismiss be granted. *See* [#56]. Defendant Ambuehl filed an objection to the Recommendation on March 30, 2018. *See* [#59]. Mr. Gurule did not file an objection to the Recommendation, nor has he responded in any way to Defendant Ambuehl's objection to date.

>Local Rule of Practice 41.1 provides:
>
>A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

The undersigned specifically advised Plaintiff that failure to timely show cause would result in this court recommending that this lawsuit be dismissed without prejudice. *See* [#57]. The docket reflects that the copy of the Order to Show Cause addressed to Plaintiff was not returned to the court, and, to date, Plaintiff has not filed a response to the Order to Show Cause or otherwise indicated an interest in prosecuting his claim.

Accordingly, I respectfully **RECOMMEND** that the court **DISMISS** the entirety of this action without prejudice.[2] Additionally,

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that

**IT IS ORDERED** that the Clerk of the Court amend the caption to reflect that Brent Ambuehl is named as a Defendant.

DATED: April 4, 2018

BY THE COURT:

_____
United States Magistrate Judge

---

does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).